UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL ARDOIN (#121576)      CIVIL ACTION

VERSUS

JASON ARD, ET AL.      NO. 13-0796-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL ARDOIN (#121576)**                                      **CIVIL ACTION**

**VERSUS**

**JASON ARD, ET AL.**                                             **NO. 13-0796-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously confined at the Livingston Parish Detention Center, Livingston, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, purportedly on behalf of himself and other prisoners confined at that facility, against Sheriff Jason Ard, Officer Perry Rushing and unidentified Security Personnel, complaining that the defendants have violated the plaintiff's constitutional rights by leaving the lights on in his dormitory for 24 hours per day, by failing to post "sexual harrasment [sic] posters" throughout the facility, by allowing sexual misconduct to occur in his dormitory, by subjecting prisoners to verbal sexual harassment, by failing to properly supervise or monitor the prisoners confined in his dormitory, resulting in the occurrence of numerous fights, and by punishing him without due process through the denial of a food plate on a single date in November, 2013.

Pursuant to Order dated February 11, 2014 (Rec. Doc. 3), the Court granted the plaintiff's Motion to Proceed *In Forma Pauperis* in this proceeding and directed the plaintiff to pay an initial partial filing fee in the amount of $8.00 within twenty-one (21) days. When the plaintiff thereafter failed to comply with this directive, the Court entered a second Order on April 22, 2014 (Rec. Doc. 4), directing the plaintiff to appear and show cause, in writing, within twenty-one (21) days, why his Complaint should not be dismissed for failure to pay the initial partial

filing fee.  The referenced Order further directed the plaintiff to provide to the Court, together with his response, copies of his inmate account transaction statements showing the daily activity in his inmate drawing and savings accounts for the months of February, March, and April, 2014, including deposits into, withdrawals from, and balances in these accounts.  *Id.*   Finally, the plaintiff was specifically advised that, in the event that he failed to submit the requested information or in the event that the Court was able to determine from the plaintiff's records that he had possessed monies in his inmate accounts sufficient to make the required payment but had failed to do so, this action would be dismissed, without further notice, for failure of the plaintiff to pay the Court's initial partial filing fee.  *Id.*

A review of the record now reflects that the Court's Order of April 22, 2014 (Rec. Doc. 4), a copy of which was forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable, with a notation on the returned envelope indicating that the plaintiff is no longer confined at the Livingston Parish facility.  It thus appears that the plaintiff has lost interest in the prosecution of this proceeding since his transfer or release from that facility.

Pursuant to Local Rule 41.2 of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days.  In such instance, the imposition of a sanction against the plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted.  Specifically, if the Court were to impose a less severe sanction, there would be no means by which to give the plaintiff notice of the sanction.  A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all.  Accordingly, the above-captioned proceeding should be dismissed as a result of

the plaintiff's failure to prosecute his claims.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, as a result of the plaintiff's failure to prosecute his claims. It is further recommended, in accordance with Local Rule 41.2 of this Court, that the Order of Dismissal advise the plaintiff that, upon motion filed within thirty (30) days and upon a showing of good cause, the above-captioned proceeding may be reinstated on the Court's Docket.

Signed in Baton Rouge, Louisiana, on June 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**